UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLSTATE CONSTRUCTION, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1524** |
| **NAUTILUS INSURANCE COMPANY** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiff Sawdust Hill, LLC's ("Sawdust") Motion for Reconsideration.[1] This litigation involves property damages and an insurance dispute following Hurricane Ida.[2] On April 15, 2025, the Court granted Defendant Nautilus Insurance Company's ("Defendant") Motion for Summary Judgment, finding that because Sawdust assigned its contractual rights to Allstate Construction, Inc. ("Allstate"), Sawdust cannot maintain claims for bad faith penalties absent an underlying insurance claim.[3] Sawdust now seeks reconsideration of the Court's April 15, 2025 Order, arguing that the Court's ruling was inconsistent with Louisiana law.[4] Considering the motion, the opposition, the record, and the applicable law, the Court denies the motion.

---

[1] Rec. Doc. 55.

[2] Rec. Doc. 1.

[3] Rec. Doc. 48.

[4] Rec. Doc. 55.

1

## I. Background

On March 30, 2023, Allstate filed a "Petition to Enforce Appraisal Award and for Damages" in the 21st Judicial District Court for the Parish of Tangipahoa.[5] The petition states that at all relevant times, Sawdust owned the property located at 142 South 8th Street, Ponchatoula, Louisiana 70454 ("the Property").[6] The petition states Defendant provided an insurance policy to Sawdust which covered the property against perils, including hurricanes.[7]

On or around August 29, 2021, Plaintiff alleges Hurricane Ida caused significant damage to the property.[8] The petition states Sawdust promptly reported the loss to Defendant, and Sawdust subsequently executed an assignment of rights under the policy to Allstate.[9] Allstate contends it was unable to make meaningful repairs to the property with the insufficient proceeds allowed by Defendant.[10]

On or about November 9, 2021, AGG Properties, LLC ("AGG") inspected the property on behalf of Sawdust and estimated the property damages at $1,696,204.69.[11] On January 3, 2022, a demand for payment was sent to Defendant along with the AGG estimate.[12] On May 23, 2022, Allstate demanded appraisal of the property.[13] The appraisal process resulted in an appraisal award

---

[5] Rec. Doc. 1-1.

[6] *Id.* at 1.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

of $679,113.78.[14] The petition alleges Defendant has refused to pay pursuant to the appraisal award, tendering proceeds substantially less than the award.[15] The petition includes claims for breach of contract, bad faith penalties pursuant to Louisiana Revised Statues §§ 22:1892 and 22:1973, and enforcement of the appraisal award.[16]

On May 5, 2023, Defendant removed the matter to this Court.[17] On October 10, 2023, Allstate filed a Motion for Leave to Amend Complaint, adding Sawdust as an additional plaintiff.[18] The motion was referred to the Magistrate Judge. On November 8, 2023, following oral argument, the motion was granted.[19] On October 11, 2024, Defendant filed a Motion for Summary Judgment as to Sawdust's claims.[20] On April 15, 2025, the Court granted Defendant's Motion for Summary Judgment, dismissing Sawdust's claim for bad faith penalties.[21] On May 12, 2025, Sawdust filed the instant Motion for Reconsideration.[22] On May 20, 2025, Defendant filed an opposition to the motion.[23]

---

[14] *Id.*

[15] *Id.* at 4.

[16] *Id.*

[17] Rec. Doc. 1.

[18] Rec. Doc. 18.

[19] Rec. Doc. 26.

[20] Rec. Doc. 42.

[21] Rec. Doc. 48.

[22] Rec. Doc. 55.

[23] Rec. Doc. 56.

## II. Parties' Arguments

### A.     *Sawdust's Arguments in Support of the Motion*

Sawdust requests reconsideration of the Court's prior Order granting summary judgment in Defendant's favor, arguing that the Court relied on cases that are factually distinguishable and did not address the continuing nature of statutory bad faith obligations under Louisiana law.[24] According to Sawdust, the Court relied on *Clausen v. Fid. & Deposit Co. of Maryland*[25] and *Geovera Specialty Ins. Co. v. Joachin*[26] in its prior Order, but Sawdust contends these cases involved claims in which no coverage existed at all because the underlying claims were time barred or the insured property was ineligible for coverage.[27] Sawdust argues the question before the Court was not whether coverage exists, but whether Defendant fulfilled its ongoing statutory duties of good faith and fair dealing during the adjustment process.[28] Sawdust contends, regardless of the assignment, Defendant still owes a duty of good faith and fair dealing to the insured, which is Sawdust.[29] Sawdust avers the assignment only transferred the right to receive benefits, not the underlying contractual relationship.[30]

Sawdust argues bad faith arises from an insurer's violation of its statutory duties.[31] Sawdust

---

[24] Rec. Doc. 55-1 at 2.

[25] 95-0504 (La. App. 1 Cir. 8/4/95), 660 So. 2d 83.

[26] 2019 WL 8273471 (E.D. La. June 28, 2019).

[27] Rec. Doc. 55-1 at 5. The Court notes that *Geovera Specialty Ins. Co.* was not cited in the April 15, 2025 Order granting summary judgment.

[28] *Id.* at 5–6.

[29] *Id.* at 6.

[30] *Id.*

[31] *Id.*

4

contends, even after an assignment of benefits, Louisiana law recognizes that an insurer's duty of good faith and fair dealing continues to run to its insured.[32] According to Sawdust, it is well-settled that a bad faith claim arises from the violation of an insurer's statutory duties, not the contract itself.[33] Sawdust avers the duties of an insurer under Louisiana Revised Statute § 22:1220 are separate and distinct from its duties under the insurance contract.[34] Sawdust asserts a claim for breach of insurance contact and a claim for breach of the duty of good faith and fair dealing are two separate causes of action.[35]

Sawdust argues the fact that the bad faith claim accrued after the date of assignment does not absolve Defendant of liability.[36] Sawdust contends the Court's ruling risks conflating breach of contract and bad faith statutory claims.[37] Sawdust avers bad faith claims arise independently from the insurance contract.[38] Sawdust asserts the Court should reconsider its Order dismissing the bad faith claim.[39]

**B.    *Defendant's Arguments in Opposition to the Motion***

In opposition, Defendant argues Sawdust's motion for reconsideration should be denied because Sawdust does not allege a manifest error in law or fact, nor does it present newly

---

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.* at 7.

[37] *Id.* at 8.

[38] *Id.*

[39] *Id.*

discovered evidence.[40] Defendant points out that *Smith v. Citadel Ins. Co.,*[41] which was cited in Sawdust's motion, is identical to the proposition of law the Court relied on in its prior Order.[42] Defendant avers Sawdust fails to provide authority for its contention that "even after an assignment of benefits, Louisiana law recognizes that an insurer's duty of good faith and fair dealing continues to run to its insured."[43] Defendant contends the cases cited by Sawdust are inapposite.[44]

While Sawdust argues the Court's prior Order "risks conflating issues," Defendant argues this is not clearly establish a manifest error.[45] Defendant points out Sawdust raised the same issues in its opposition the motion for summary judgment, and the argument was considered by the Court in rendering its opinion.[46] Defendant contends after Sawdust assigned its claim to Allstate, Sawdust was not "due" any amounts from Defendant.[47] Defendant avers a duty of good faith no longer existed once Sawdust signed its claim to Allstate.[48] Defendant asserts Sawdust's motion should be denied.[49]

### III. Legal Standard

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for

---

[40] Rec. Doc. 56 at 1.

[41] 285 So. 3d, 1062, 1069 (La. 2019) ("In the absence of a contractual obligation, the duty of good faith does not exist.")

[42] Rec. Doc. 56 at 5.

[43] *Id.* at 6.

[44] *Id.*

[45] *Id.*

[46] *Id.* at 7.

[47] *Id.* at 8.

[48] *Id.*

[49] *Id.*

reconsideration' *in haec verba*,"[50] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[51] Rules 59 and 60, however, apply only to final judgments.[52] An interlocutory order is not final because the court "at any time before final decree [could] modify or rescind it."[53]

Therefore, when a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls.[54] The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[55]

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[56] However, this

---

[50] *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990).

[51] *Id*; *Castrillo v. Am. Home Mortg. Servicing, Inc.,* No. 09–4369, 2010 WL 1424398, at *3–4 (E.D.La. Apr.5, 2010) (Vance, C.J.).

[52] Rule 59 concerns motions to "alter or amend a judgment" whereas Rule 60 can provide relief from "a *final* judgment, order, or proceeding." Fed.R.Civ.P. 60(b) (emphasis added). The Advisory Committee Notes of 1946 state that "[t]he addition of the qualifying word 'final' emphasizes the character of judgement, orders or proceedings from which *Rule 60(b)* affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed.R.Civ.P. 60(b) (1946 Advisory Committee Notes). *See* also, *Helena Labs. Corp.,* 483 F.Supp.2d 538 (E.D.Tex.2007) (motion was improperly filed under Rule 59(e) when there existed no final judgment that had been entered). *See also, Lambert v. McMahon,* No. 06–10679, 2007 U.S.App. LEXIS 5220, 2002 WL 32975040 (5th Cir. Mar. 6, 2007) (where there was no entry of final judgment, requests could not be considered under Rule 60(b)).

[53] *Bon Air Hotel,* 426 F.2d at 862 (quoting *John Simmons Co. v. Grier Brothers Co.,* 258 U.S. 82, 88, 42 S.Ct. 196, 66 L.Ed. 475 (1922)).

[54] Fed. R. Civ. P. 54(b). *See also, Helena Labs.,* 483 F.Supp.2d 538 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought, and no final judgment had yet been entered in the case).

[55] Fed. R. Civ. P. 54(b).

[56] *Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir.1981).

broad discretion[57] must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[58] Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion.[59]

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[60] A Rule 59(e) motion "calls into question the correctness of a judgment,"[61] and courts have considerable discretion in deciding whether to grant such a motion.[62] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[63] Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[64]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment

---

[57] *See Calpetco 1981 v. Marshall Exploration, Inc.,* 989 F.2d 1408, 1414–15 (5th Cir.1993).

[58] *See, e.g.,* 18B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 (2d ed.2002).

[59] *Martin v. H.M.B. Constr. Co.,* 279 F.2d 495, 496 (5th Cir.1960) (citation omitted). *See also, Garcia v. Woman's Hosp. of Tex.,* 97 F.3d 810, 814 (5th Cir.1996).

[60] *See, e.g., Castrillo,* 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.,* No. 08–1145, 2009 WL 1211020, at *2 (E.D.La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches,* No. 05–4182, 2009 WL 1046016, at *1 (E.D.La. Apr.16, 2009) (Duval, J.).

[61] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.),* 303 F.3d 571, 581 (5th Cir.2002).

[62] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir.1993).

[63] *Id.* at 355–56.

[64] *See, e.g., Castrillo,* 2010 WL 1424398, at *4 (citations omitted).

after its entry is an extraordinary remedy that should be used sparingly"[65] and the motion must "clearly establish" that reconsideration is warranted.[66] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[67]

## IV. Analysis

On October 11, 2024, Defendant filed a motion for summary judgment arguing that Sawdust's claims for bad faith penalties should be dismissed because Sawdust assigned its rights pursuant to the insurance contract to Allstate.[68] On April 15, 2025, the Court granted Defendant's motion, dismissing Sawdust's bad faith claims.[69] Sawdust now seeks reconsideration of the Court's Order granting summary judgment.

Sawdust's motion fails to meet the standard set out in Rule 59(e). Sawdust does not identify any change in law, newly discovered evidence, or manifest error in the Court's prior ruling. Moreover, Sawdust fails to cite any authority that directly contradicts or undermines the Court's legal conclusions. In fact, the law cited in Sawdust's motion supports the Court's prior ruling, stating:

> The duty of good faith is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, the duty of good faith and fair dealing emanates from the contract between the parties. In the absence of a contractual obligation,

---

[65] *Templet v. Hydro Chem Inc.,* 367 F.3d 473, 478–79 (5th Cir.2004).

[66] *Schiller v. Physicians Res. Group Inc.,* 342 F.3d 563, 567 (5th Cir.2003).

[67] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.,* 259 F.Supp.2d 471 (M.D. La. 2002). *See also Mata v. Schoch,* 337 B.R. 138 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *see also, FDIC v. Cage,* 810 F.Supp. 745, 747 (D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[68] Rec. Doc. 42.

[69] Rec. Doc. 48.

the duty of good faith does not exist.[70]

As similarly stated in the Court prior Order, "Because Sawdust assigned all its contractual claims to Allstate before any alleged bad faith adjusting occurred, Sawdust cannot maintain bad faith statutory claims against Defendant."[71]

Further, while Sawdust argues the assignment only transferred the right to receive benefits, not the underlying contractual relationship, the Assignment of Insurance Benefits states, "[Sawdust] hereby assigns any and all insurance rights, benefits, interests, proceeds, and any causes of action under any applicable insurance policies to Allstate Construction Inc."[72] Based on the plain language of the agreement, Sawdust validly assigned its insurance contractual rights to Allstate. For these reasons, Sawdust has not demonstrated that reconsideration is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Sawdust's Motion for Reconsideration[73] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  30th  day of July, 2025.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[70] *Smith,* 285 So. 3d at 1069.

[71] Rec. Doc. 48 at 12.

[72] Rec. Doc. 27-2.

[73] Rec. Doc. 55.